WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996,<br><br>Plaintiff,<br><br>v.<br><br>Thomas G Boyle, et al.,<br><br>Defendants. | No. CV-25-00274-TUC-SHR<br><br>**ORDER** |

On June 5, 2025, pro se Defendant Thomas G. Boyle filed an "Emergency Federal Patent Protection Filing" and "Notice of Removal and Motion for Constitutional Relief" (Doc. 1), as well as a Motion for Temporary Restraining Order (Doc. 3). On June 9, 2025, Defendant filed an amended notice of removal. (Doc. 7.) On June 11, 2025, Plaintiff filed a "Motion to Dismiss Defendants' Notice[s] of Removal" for lack of subject-matter jurisdiction and "Request to Remand Back to State Court." (Doc. 8.) For the following reasons, the Court will grant Plaintiff's Motion, remand this action to the Pima County Superior Court, and deny as moot the Motion for Temporary Restraining Order.

**I.      BACKGROUND**

Plaintiff Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996, filed an application for confirmation of an arbitration award against Defendant in state court. (Doc. 1-1 at 1–2.) The arbitration order concluded Defendant had breached a 2008 settlement agreement involving a parcel of real property located in Pima County, Arizona, and awarded Plaintiff approximately $17,000 in reimbursement, legal fees, and arbitration

costs.[1] (Doc. 1-1 at 6–10, 32–33.) Defendant removed this matter to federal court, asking the Court to issue a temporary restraining order and preliminary injunction, refer the matter to the U.S. Attorney for criminal charges, and compensate Defendant for legal expenses and "constitutional violations over twenty-three years." (Doc. 1 at 10–11.) Defendant's Notice of Removal identifies himself as the plaintiff and the Chuck and Ann Fina Family Revocable Trust as the defendant. Defendant subsequently filed an Amended Notice of Removal, in which he purports to add the City of Tucson as an additional defendant.

## II.     DISCUSSION

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." *See Heifetz v. Tugendrajch*, 542 F. Supp. 1207, 1208 (E.D.N.Y. 1982) ("[P]etitions to confirm arbitrators' awards . . . have always been considered properly removable where they satisfy the prerequisites of 28 U.S.C. § 1441(a)."); *Metalmark Northwest, LLC v. Stewart*, 2008 WL 11442024 (9th Cir. May 6, 2008) (affirming federal district court order confirming arbitration award following removal of motion to confirm arbitration filed in state court). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The "'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566).

"[A] district court is under a duty to examine, on its own motion, whether a removed case should be remanded to state court; the court need not wait for a motion to remand."

---

[1] Plaintiff subsequently initiated a separate action in state court to quiet title to the property. (*See* Doc. 1 at 17–20 in 25-CV-00273-JCH.) Defendant also attempted to remove that action to federal court, but the Court dismissed the case for lack of jurisdiction and remanded it to state court. (*See* Doc. 7 in 25-CV-00273-JCH.) Plaintiff's state-court motion to consolidate the two matters remains pending as of the date of this Order. (Doc. 1-1 at 85–90.)

*Raytheon Co. v. Alliant Techsystems, Inc.*, No. CIV 13-1048-TUC-CKJ, 2014 WL 29106, at *1 (D. Ariz. Jan. 3, 2014) (citing *Katalla Co. v. Rones*, 186 F. 30 (9th Cir. 1911)); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (internal citations omitted)). If at any time before final judgment it appears the district court lacks subject matter jurisdiction over a case removed to federal court, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Here, Defendant's Notice of Removal asserts the Court has federal jurisdiction over the present action because it involves federal land patent rights protected under 43 U.S.C. § 945. (Doc. 1 at 4–5.) But federal land patents do not provide a basis for federal question jurisdiction. *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (noting the view that federal land patents do not confer federal question jurisdiction has been "repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts"); *see Shulthis v. McDougal*, 225 U.S. 561, 570 (1912) (it is well established that "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress"). Defendant provides no authority to support the remaining claimed bases for federal question jurisdiction: "constitutional protection duty," "veteran protection mandate," and "criminal conspiracy jurisdiction." These jurisdictional bases are either nonexistent or implausibly pleaded and are thus insufficient to invoke federal question jurisdiction over the underlying action.

Moreover, regardless of whether the Court construes Defendant's assertion of various constitutional violations as defenses to Plaintiff's state-law claims or as federal counterclaims, the Court lacks jurisdiction to consider them in determining whether federal question jurisdiction exists. Plaintiff's application for confirmation of the arbitration award alleges purely state-law claims. Neither the assertion of a federal defense to a state-law claim nor the assertion of a federal counterclaim converts the state-law claim into one

"arising under" federal law for purposes of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding federal jurisdiction "cannot be predicated on an actual or anticipated defense" or "rest upon an actual or anticipated counterclaim."). Accordingly, the Court remands this action to state court.

### III.   CONCLUSION

**IT IS ORDERED** Plaintiff's Motion (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** this case is **DISMISSED** and **REMANDED** to the Pima County Superior Court.

**IT IS FURTHER ORDERED** Defendant's Motion for Temporary Restraining Order is **DENIED AS MOOT** (Doc. 3).

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 12th day of June, 2025.

Honorable Scott H. Rash
United States District Judge