**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996,<br><br>Plaintiff,<br><br>v.<br><br>Thomas G Boyle, et al.,<br><br>Defendants. | No. CV-25-00274-TUC-SHR<br><br>**ORDER** |

On June 5, 2025, pro se Defendant Thomas G. Boyle removed this action from the Pima County Superior Court to the United States District Court for the District of Arizona. (Doc. 1.) The Court determined it lacked subject-matter jurisdiction and remanded this case to the Pima County Superior Court. (Doc. 9.) Pending before the Court is Defendant's Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 11.) For the following reasons, the Court will deny Defendant's Motion.

A motion for reconsideration must be denied absent "highly unusual circumstances," such as (1) "newly discovered evidence," (2) "clear error," or (3) "an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LRCiv 7.2(g).

In his Motion, Defendant again asserts the Court has jurisdiction over this matter because it involves federal land patent rights. Defendant argues, as he did in his notice of removal, 43 U.S.C. § 945 "creates exclusive federal stewardship authority over federal patent land" and, under 28 U.S.C. § 1331, "[s]tate courts lack jurisdiction over federal

patent land disputes." However, as explained in the Court's previous order, federal land patents do not provide a basis for federal question jurisdiction. *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (noting the view that federal land patents do not confer federal question jurisdiction has been "repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts"); *see Shulthis v. McDougal*, 225 U.S. 561, 570 (1912) (it is well established "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress"). Defendant provides no authority to the contrary. As such, Defendant fails to establish the Court clearly erred in remanding this matter to state court. Accordingly,

**IT IS ORDERED** Defendant's Motion for Reconsideration (Doc. 11) is **DENIED.**

Dated this 25th day of June, 2025.

Honorable Scott H. Rash
United States District Judge